**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

ERIC MATTSON,                          *
                                       *
    Plaintiff,                         *
                                       *
                                       *   CIVIL ACTION NO. 25-00481-KD-B
vs.                                    *
                                       *
OKSANA KRISTEN SINGH, *et al.*,        *
                                       *
    Defendants.                        *

**REPORT AND RECOMMENDATION**

This action is before the Court on the "Response from Defendants Oksana K. Singh and Iqbal I. Singh" (Doc. 42), which Defendants filed *pro se* despite being represented by counsel, and which was docketed as a motion to dismiss. Defendants "request the court to dismiss the case" filed by Plaintiff Eric Mattson because they contend "the case has no merit and is frivolous." (Id. at 1-2). Defendants further request the Court to award them legal costs and punitive damages against Plaintiff Mattson. (Id. at 2). The motion has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). For the reasons stated below, the undersigned recommends that the motion be **DENIED** without prejudice to Defendants' ability to file any proper motions through counsel.

As indicated above, Defendants filed the instant motion while they were still represented by attorneys Dale J. Montpelier and Zachary R. Tolbert of the law firm of Montpelier & Associates, P.C.   (See Doc. 45).   Mr. Montpelier and Mr. Tolbert were subsequently granted permission to withdraw from further representation of Defendants in this matter, and attorney James Parrish Coleman, III filed a notice of appearance as counsel for Defendants on March 23, 2026.   (Docs. 50, 51).

"It is the law of this circuit that the right to counsel and the right to proceed *pro se* exist in the alternative . . . ." United States v. LaChance, 817 F.2d 1491, 1498 (11th Cir. 1987). Defendants were therefore not permitted to file a *pro se* motion while represented by counsel in this case, and for that reason alone, the instant motion is due to be denied, if not stricken.

The motion is also due to be denied because it does not comply with this Court's Local Rules and fails to adequately set forth the legal and factual basis for the relief sought.   The motion violates Civil Local Rule 7(a), which requires that every motion filed in this Court "state the statute, rule, or legal or equitable principle pursuant to which it is made."  See S.D. Ala. CivLR 7(a). The motion also fails to comply with Civil Local Rule 7(b), which provides that every motion to dismiss must be supported by a brief setting forth the legal and factual basis for the relief sought. See S.D. Ala. CivLR 7(b).   Indeed, a party's "[f]ailure to file a

2

brief in support of a motion [to dismiss] under Fed. R. Civ. P. 12(b) . . . is sufficient cause to deny the motion . . . ." Id.

Additionally, to the extent it is properly construed as a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the motion should be denied because it relies solely on factual assertions made outside the pleadings, "which is generally not allowed in the Rule 12(b)(6) context." Joe Hand Promotions, Inc. v. Cloud 9 Vapes, LLC, 2017 U.S. Dist. LEXIS 102868, at *3 n.1, 2017 WL 2842785, at *1 n.1 (S.D. Ala. July 3, 2017) (collecting cases and declining to consider matters outside the pleadings in reviewing Rule 12(b)(6) motion). Finally, it was improper for Defendants to embed affirmative requests for punitive damages and legal costs in a motion to dismiss.

For the reasons listed above, the undersigned recommends that Defendants' *pro se* motion to dismiss (Doc. 42) be **DENIED** without prejudice to their counsel's ability to file any proper motions on their behalf going forward.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **1st** day of **April, 2026.**

                              /s/ SONJA F. BIVINS
                      **UNITED STATES MAGISTRATE JUDGE**

4